capable" *(People v Luongo,* 47 NY2d 418, 428). Here, as in *People v Luongo (supra)* and in *People v Blum* (132 AD2d 933, *lv denied* 70 NY2d 702), defendant represented to his associates that the money they gave him would be invested and that they would receive extraordinarily high rates of interest; instead, he used funds received from subsequent investors to pay off his prior obligations.

We do not view defendant's sentence as harsh and excessive. (Appeal from judgment of Cattaraugus County Court, Dillon, J.—grand larceny, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD VAN HOOSER, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Since defendant knowingly and voluntarily waived his right to appeal any issues relating to convictions resulting from his guilty pleas *(see, People v Seaberg,* 74 NY2d 1), three of these appeals must be dismissed. Defendant's contentions regarding the judgment following the bench trial lack merit. We conclude that trial counsel rendered meaningful assistance *(see, People v Baldi,* 54 NY2d 137, 147) and that defendant failed to establish that the court was biased. We also conclude that the sentence defendant received was not excessive. At sentencing defendant admitted his status as a predicate felon and acknowledged that there was no constitutional defect regarding it. (Appeal from judgment of Onondaga County Court, Burke, J.—burglary, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD VAN HOOSER, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed. Same memorandum as in *People v Van Hooser* ([appeal No. 1] 161 AD2d 1155 [decided herewith]). (Appeal from judgment of Onondaga County Court, Burke, J.—bail jumping, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD VAN HOOSER, Appellant. (Appeal No. 3.)—Appeal unanimously dismissed. Same memorandum as in *People v Van Hooser* ([appeal No. 1] 161 AD2d 1155 [decided herewith]). (Appeal from judgment of Onondaga County Court, Burke, J. —burglary, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FLOYD VAN HOOSER, Appellant. (Appeal No. 4.)—Appeal unanimously dismissed. Same memorandum as in *People v Van Hooser* ([appeal No. 1] 161 AD2d 1155 [decided herewith]). (Appeal from judgment of Onondaga County Court, Burke, J.—burglary, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN CHAPMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts of criminal possession of a forged instrument in the second degree, arguing that the court erred in refusing to suppress his in-court identification. He contends that photographic arrays shown to the identifying witness were unduly suggestive because the witness was shown two arrays a day apart and he was the only person whose photograph appeared in both arrays. The witness failed to make an identification from the first array but identified defendant from the second one. In denying the motion to suppress, the court found that the first array consisted of color photos with frontal views which were of "relatively lesser quality" than the second array, and that defendant's photo in particular was underexposed. The court further found that the second array consisted of black and white photos of greater clarity with both frontal and profile photos. Multiple photo identification procedures are not inherently suggestive *(see, People v Cosme,* 125 AD2d 485, 486, *lv denied* 69 NY2d 878; *People v Sheirod,* 124 AD2d 14, 18-19, *lv denied* 70 NY2d 656; *cf., People v Hall,* 81 AD2d 644; *People v Tindal,* 69 AD2d 58) and we find no basis to disturb the findings of the suppression court, which are entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761).

We have considered defendant's other arguments and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Flynn, Jr., J.—criminal possession of forged instrument, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR PERRY, Appellant.—Judgment unanimously modified on the law and as modified affirmed, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The trial court fashioned appropriate sanctions for the failure of the police to comply with Penal Law § 450.10 before returning property to the victim. The police did not act in bad faith and defendant